UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARK MORRIS (# 287768)

VERSUS

BURL CAIN, ET AL

CIVIL ACTION

NUMBER 06-289-SDD-SCR

## RULING

This matter is before the court on the petitioner's Motion for Relief of Final Judgment Pursuant to Fed.R.Civ.P. Rule 60(b). Record document number 25.

## I. Procedural History

### A. State Court Proceedings

Petitioner was found guilty of one count of felon in possession of a firearm, four counts armed robbery, one count aggravated kidnaping, and one count second degree murder in the Nineteenth Judicial District Court for the Parish of East Baton Rouge on July 23, 1999.

Petitioner's convictions and sentences were affirmed on appeal. *State of Louisiana v. Mark Morris*, 1999-3075 (La. App. 1st Cir. 11/3/00); 770 So.2d 908. Petitioner sought supervisory review by the Louisiana Supreme Court. The Louisiana Supreme Court denied review. *State v. Mark Morris*, 2000-3293 (La. 10/12/01); 799 So.2d 496. Petitioner sought review by the United States Supreme Court. The United States Supreme Court denied review on March 18, 2002. *Mark Morris v. Louisiana*, 535 U.S. 934, 122 S.Ct. 1311 (2002).

On February 17, 2003, the petitioner filed a Writ of Certiorari and Prohibition pursuant to LSA-C.Cr.P. art. 822(B) in the trial court arguing that he received illegal sentences because of invalid indictments. The trial court denied the Writ of Certiorari and Prohibition on March 31, 2003. Petitioner did not seek review by the appellate court.

Petitioner filed an application for post-conviction relief in the state district court on March 8, 2004. The trial court denied relief on May 19, 2004. The court specifically relied upon La.C.Cr.P. art. 930.8. Petitioner sought review by the First Circuit Court of Appeal on July 8, 2004. The appellate court denied review on September 27, 2004. *State of Louisiana ex rel. Mark Morris v. State of Louisiana*, 2004-1735 (La. App. 1st Cir. 9/27/04)(unpublished decision). Petitioner's application for supervisory review was denied by the Louisiana Supreme Court. *State of Louisiana ex rel. Mark Morris v. State of Louisiana*, 2005-1899 (La. 3/31/06), 925 So.2d 1252.

## B. Federal Court Proceedings

Petitioner signed his federal habeas corpus application on April 13, 2006, and it was filed on April 19, 2006.

On July 24, 2006, a magistrate judge's report was submitted to the district judge recommending that the petitioner's application for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).[1]

On August 17, 2006, the district judge adopted the magistrate judge's report as the court's opinion and entered judgment.[2]

---

[1] Record document number 12.

[2] Record document numbers 14 and 15, respectively.

2

On August 30, 2006, the petitioner filed a notice of appeal.[3] On August 20, 2008, the United States Court of Appeals for the Fifth Circuit affirmed the judgment of the district court.[4]

Petitioner is now before this court seeking relief from judgment dismissing his petition for the issuance of a writ of habeas corpus.

## II. Applicable Law and Analysis

### A. Successive Petition?

Initially, the court must determine whether it has jurisdiction to rule on the petitioner's Rule 60 motion.

In *Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641 (2005), the Supreme Court stated that a Rule 60(b) motion does not contain a habeas "claim," and thus should not be construed as a successive petition, when the motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Id.* at 532, 125 S.Ct. at 2648 (footnote omitted). Specifically, the Court held that the petitioner does not make a "habeas corpus claim ... when he merely asserts that a previous ruling which precludes a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 532 n. 4, 125 S.Ct. at 2648 n. 4.

In his Rule 60(b) motion, the petitioner challenged this court's prior determination that his claims were procedurally defaulted. However, the basis for the petitioner's Rule

---

[3] Record document number 16.

[4] Record document number 24.

3

60(b) motion is factually flawed. Petitioner's § 2254 application was dismissed as untimely, not as procedurally defaulted. Petitioner did not challenge the court's prior determination that his § 2254 application was not timely filed.

Although the basis for the petitioner's Rule 60(b) motion is factually flawed, the petitioner's Rule 60(b) motion is not to be construed as an improper successive habeas petition and is properly before this court.

### B. Rule 60(b)

Petitioner argued that he is entitled to relief from judgment pursuant to Rule 60(b) on grounds that the exception to the procedural bar created in *Martinez v. Ryan*, 566 U.S. __, 132 S.Ct. 1309 (2012) now allows this court to consider this claim and authorizes Rule 60(b) relief.

In *Martinez v. Ryan*, the Supreme Court held "[i]n adequate assistance of counsel at initial review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 132 S.Ct. at 1315. Petitioner argued that *Martinez* constitutes the "extraordinary circumstances" that warrant Rule 60(b) relief. He argues that because equity controls Rule 60(b) proceedings, and because the new exception created by the Supreme Court in *Martinez* is an equitable exception, it would be inequitable to deny him the benefit of this *Martinez* exception and decline to consider the merits of his ineffective assistance of counsel claim. Petitioner's argument is without merit.

Rule 60(b), Fed.R.Civ.P. permits the district court to relieve a party from the effect of a final judgment for several reasons, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, release, satisfaction, and any other reason that justifies such disposition. The extraordinary relief afforded by Rule 60(b)

4

requires that the moving party make a showing of unusual or unique circumstances justifying such relief. *Pryor v. U.S. Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985).

A Rule 60(b) motion based on mistake, inadvertence or excusable neglect must be filed within one year of the entry of the judgment or order. Rule 60(c). To the extent the petitioner's motion was based on mistake, inadvertence or excusable neglect, the motion is untimely because it was filed more than one year after entry of the judgment.

To the extent the petitioner's motion might fall under Rule 60(b)(6), which requires a showing of extraordinary circumstances, the petitioner's argument fails. As previously indicated, the petitioner's § 2254 application was dismissed as untimely pursuant to 28 U.S.C. § 2244(d), not on procedural default grounds. As such, the decision in *Martinez v. Ryan* is inapplicable.

Petitioner has failed to satisfy the prerequisites necessary to be relieved from judgment.

Accordingly, the petitioner's Motion for Relief of Final Judgment Pursuant to Fed.R.Civ.P. Rule 60(b) is denied.

Baton Rouge, Louisiana, June 4th, 2013.

SHELLY D. DICK, DISTRICT JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA