UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARK MORRIS (#287768)                                     CIVIL ACTION

VERSUS

BURL CAIN, WARDEN                                         NO. 06-0289-SDD-EWD

RULING

This matter comes before the Court on Petitioner's Application for Relief pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure.[1] In this Application, Petitioner seeks to have his habeas corpus case "re-opened" in light of the decision of the United States Court of Appeals for the Fifth Circuit in *Coleman v. Goodwin*,[2] which concluded that the rule set forth by the United States Supreme Court in *Martinez v. Ryan*[3] (and extended in *Trevino v. Thaler*[4]) is applicable in the State of Louisiana.

In July 1999, *pro se* Petitioner Mark Morris, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, was convicted of one count of being a felon in possession of a firearm, four counts of armed robbery, one count of aggravated kidnapping and one count of second degree murder in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana. Petitioner thereafter pursued a direct appeal of his convictions, asserting claims of misjoinder and failure to sever, failure

---

1   Rec. Doc. 34.
2   833 F.3d 537 (5th Cir. 2016).
3   566 U.S. 1 (2012).
4   569 U.S. 413 (2013).

to transfer venue, insufficiency of the evidence, excessive sentence and failure to grant a motion for new trial.[5] On November 3, 2000, the Louisiana Court of Appeal for the First Circuit affirmed the convictions and sentences.[6] Petitioner's subsequent application for supervisory review before the Louisiana Supreme Court was thereafter denied on October 12, 2001.[7] Petitioner sought further review before the United States Supreme Court, which Court denied review on March 18, 2002.[8]

In March 2004, Petitioner filed an application for post-conviction relief in the state district court, asserting claims of ineffective assistance of counsel, prosecutorial misconduct, and a violation of *Brady v. Maryland*.[9] That application was denied in the state district court on May 19, 2004 upon an explicit finding that Petitioner's application was untimely under Louisiana law, having been filed more than two years after the finality of his conviction.[10] Petitioner's subsequent applications for review before the Louisiana appellate courts were similarly denied, with the Louisiana First Circuit Court denying review on September 27, 2004 and with the Louisiana Supreme Court denying review on March 31, 2006.[11]

Petitioner thereafter commenced his initial federal habeas corpus proceeding in this Court in April 2006, asserting claims of ineffective assistance of counsel, prosecutorial misconduct, and a violation of *Brady v. Maryland*. Pursuant to a Magistrate

---

5     The procedural summary of this case is obtained from the Magistrate Judge's Report previously issued in this case. *See* Rec. Doc. 12.
6     *State v. Morris*, 770 So.2d 908 (La. App. 1 Cir. 2000).
7     *State v. Morris*, 799 So.2d 496 (La. 2001).
8     *See Morris v. Louisiana*, 535 U.S. 934 (2002).
9     373 U.S. 83 (1963).
10    *See* La. Code Crim. P. art. 930.8.
11    *State ex rel. Morris v. State*, 925 So.2d 1252 (La. 2006).

Judge's Report dated July 24, 2006,[12] this Court recommended dismissal of Petitioner's claims as untimely under federal law. Specifically, the Court concluded that Petitioner's convictions became final on March 18, 2002 and that the one-year time period for filing his federal habeas application pursuant to 28 U.S.C. § 2244(d) had already expired before he even commenced state court post-conviction relief proceedings on March 8, 2004.[13] On August 17, 2006, the District Judge accepted the Recommendation of the Magistrate Judge and dismissed Petitioner's application for habeas corpus relief, with prejudice, as untimely.[14] Whereas Petitioner thereafter appealed that determination to the United States Court of Appeals for the Fifth Circuit, the Judgment of this Court was ultimately affirmed by the appellate court pursuant to Mandate issued September 11, 2008.[15]

In March, 2013, Petitioner filed in this case a Motion for Relief of Final Judgment Pursuant to Fed. R. Civ. P. 60(b), arguing that the 2012 decision of the United States Supreme Court in *Martinez v. Ryan, supra,* constituted an "extraordinary circumstance" that justified the re-opening of this proceeding under Rule 60(b)(6). In *Martinez*, the Supreme Court concluded that where state law requires that a petitioner's claims of ineffective assistance of trial counsel be raised in a post-conviction relief application (instead of on direct appeal), a state law procedural default of an ineffectiveness claim will not bar federal habeas relief if there was no counsel or if counsel was ineffective in the initial state post-conviction proceeding. This Court, however, rejected Petitioner's

---

12  Rec. Doc. 12.
13  *Ibid.*
14  Rec. Docs. 14 and 15.
15  *See* Rec. Doc. No. 24.

argument and denied his Rule 60(b) Motion on June 4, 2013, concluding that *Martinez* was not applicable in Petitioner's case because *Martinez* had involved an issue of state law procedural default whereas Petitioner's claims herein, in contrast, were not determined to be procedurally defaulted under state law but were instead found to be independently untimely under federal law.[16] The decision of this Court was thereafter upheld by the Fifth Circuit Court of Appeals, which denied Petitioner a certificate of appealability on January 9, 2014.[17]

Now, Petitioner has filed another Application for Rule 60(b)(6) relief, again relying upon *Martinez* and contending that a subsequent decision of the United States Court of Appeals for the Fifth Circuit, interpreting *Martinez*, presents an extraordinary circumstance that supports a conclusion that his claims should be re-visited.

Initially, the Court must determine whether, in submitting this Application pursuant to Rule 60(b)(6), Petitioner has filed a pleading that effectively seeks successive habeas corpus relief and that therefore requires prior authorization from the United States Court of Appeals for the Fifth Circuit in accordance with 28 U.S.C. § 2244(b). In *Gonzalez v. Crosby*,[18] the United States Supreme Court addressed the question whether and when a motion for relief from judgment pursuant to Rule 60 must be considered to be a successive application for habeas corpus relief. The *Gonzalez* Court concluded that a claim presented in a Rule 60 motion that re-visits a prior substantive denial of habeas relief or that asserts a new substantive basis for relief from a conviction is effectively a

---

16     *See* Rec. Doc. 27.
17     *See* Rec. Doc. 33.
18     545 U.S. 524 (2005).

successive habeas corpus application.[19] As explained by the Fifth Circuit in *In re Hartzog*,[20] "[a] 60(b) motion is considered a successive collateral attack if it challenges an earlier denial of relief on the merits or raises new claims." In contrast, "[a] Rule 60(b) motion is not successive if it challenges 'not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings,'" as where it challenges a decision on a procedural issue, *e.g.*, timeliness or prematurity, that prevented a previous federal habeas court from reviewing the merits of the petitioner's claims.[21]

Applying the foregoing standard, the Court concludes that Petitioner's Rule 60 Motion is not a successive habeas application because it seeks reconsideration of the Court's prior ruling on a procedural issue, *i.e.*, untimeliness. Accordingly, this Court is not precluded from considering Petitioner's claims on this basis and may address and resolve Petitioner's claims raised in the instant Motion.

Notwithstanding the foregoing, the Court finds that Petitioner's contentions are unavailing. Rule 60(b) provides that relief from a judgment may be had for (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, misrepresentation or misconduct by an opposing party, (4) a void judgment, (5) a judgment that has already been satisfied, is no longer equitable, or has effectively been overturned, or (6) any other reason that justifies such relief. Rule 60(c)(1) provides that a motion brought pursuant to Rule 60(b) "must be made within a reasonable time – and

---

19  *Id.* at 532.
20  444 Fed. Appx. 63, 65 (5th Cir. 2011).
21  *Id.* at 65, relying upon *Gonzalez v. Crosby*, *supra*.

for reasons (1), (2) and (3) no more than a year after the entry of the judgment."

Petitioner's contention in the instant Motion – that a subsequent change in decisional law and the general interests of justice warrant a grant of relief – do not fit clearly within any of the enumerated subsections of Rule 60(b). Accordingly, Petitioner's claim may be seen to fall within the catch-all provision of subsection 60(b)(6), which provides a remedy for "any other reason that justifies relief" and provides a residual clause meant to cover unforeseen contingencies and to accomplish justice in exceptional circumstances.[22] Petitioner does not point, however, to any specific error in the Court's original conclusion that his federal habeas claims were untimely. Moreover, inasmuch as the relief afforded by Rule 60(b)(6) is meant to be extraordinary relief, it requires that the moving party make a showing of extraordinary circumstances justifying such relief.[23]

In the instant Motion, Petitioner has made no showing of unusual or unique circumstances to support the application of Rule 60(b)(6). As noted above, the Supreme Court concluded in *Martinez* that ineffective assistance of counsel (or the absence of counsel) during initial state post-conviction review proceedings may constitute cause that excuses a petitioner's state procedural default where the state law requires that a petitioner's claims of ineffective assistance of trial counsel be raised in the post-conviction relief proceedings instead of on direct appeal. In *Trevino v. Thaler,* decided in 2013, the Supreme Court extended this rule to jurisdictions – Texas in that case – where state procedural law *effectively* compels petitioners to assert their ineffective assistance claims

---

22     *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007).
23     *Hess v. Cockrell,* 281 F.3d 212, 216 (5th Cir. 2002).

in post-conviction relief proceedings instead of on direct appeal. Finally, in *Coleman v. Goodwin, supra* – the 2016 decision upon which Petitioner directly relies herein – the Fifth Circuit concluded that the procedural scheme in Louisiana is substantially similar to that in Texas and that the *Martinez/Trevino* rule therefore applies to post-conviction proceedings brought in Louisiana. In reliance upon *Coleman*, Petitioner asserts that because he was effectively required to assert his ineffective assistance of counsel claims in his initial post-conviction relief proceedings and because he did not have counsel during those proceedings, he should be allowed to re-litigate those claims at this time.

Petitioner's argument is misplaced. The Fifth Circuit has repeatedly concluded that *Martinez, being* "simply a change in decisional law," was "not the kind of extraordinary circumstance that warrants relief under Rule 60(b)(6)."[24] The Fifth Circuit has similarly concluded that the Supreme Court's subsequent decision in "*Trevino*, like *Martinez*, ... did not create an extraordinary circumstance and thus could not have created a basis for [petitioner] to re-open his proceedings."[25] Thus, it is beyond question that the *Coleman v. Goodwin* decision upon which Petitioner relies, a circuit court decision that simply recognized that the *Martinez/Trevino* analysis is applicable to habeas corpus applications filed in Louisiana (because the Louisiana procedural scheme is sufficiently similar to that in Texas), does not constitute an extraordinary circumstance that would support Rule 60(b) relief in this case. The United States District Court for the Western District of Louisiana has reached the same conclusion in a substantially similar case. Thus, in

---

24     *See In re Edwards*, 865 F.3d 197, 208 (5th Cir. 2017), *quoting Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012).
25     *Ibid.*, citing *Diaz v. Stephens*, 731 F.3d 370 (5th Cir. 2013).

*Broadway v. Warden Louisiana State Penitentiary*,[26] the Court reasoned:

> "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances". *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Because the motion does not fit within any of the enumerated reasons for relief under Rule 60(b)(1)-(5), Broadway's only ground for reopening his case is under Rule 60(b)(6), which allows a court to grant relief for "any other reason" that is justifiable. Fed. R. Civ. P. 60(b)(6). Relief under 60(b)(6) "will be granted only if extraordinary circumstances are present." *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citing *Bailey v. Ryan Stevedoring Co. Inc.*, 894 F.2d 157, 160 (5th Cir. 1990)).
>
> The Fifth Circuit has held that "[c]hanges in decisional law based on constitutional principles are not of themselves extraordinary circumstances sufficient to justify Rule 60(b)(6) relief." *Batts*, 66 F.3d at 749. A circuit court's announcement of a new rule of federal law, like a Supreme Court announcement, is similarly insufficient without more to justify Rule 60(b)(6) relief." *Id.* Furthermore, a judicial change in the Court's view of the law after entry of a final judgment does not justify setting it aside. *Id.* (citing *Collins v. City of Wichita*, 254 F.2d 837 (10th Cir. 1958)). A party seeking relief under Rule 60(b) "cannot simply cite" new case law to support its motion; "it must present proof that enforcement of the judgment would work an injustice." *Id.* "The required showing is substantial." *Id.* Moreover, these principles apply "with equal force in habeas proceedings". *Hernandez v. Thaler*, 630 F.3d 420, 430 (5th Cir. 2011).
>
> Broadway is not the first prisoner to try and take advantage of the *Martinez/Trevino* exception via Rule 60(b)(6). In *Adams v. Thaler*, a capital prisoner filed a Rule 60(b) motion seeking relief from a federal district court's judgment dismissing his ineffective assistance of counsel claim as procedurally barred. 679 F.3d 312, 316 (5th Cir. 2012). Like Broadway, Adams sought to take advantage of the *Martinez* rule—which had just been issued by the Supreme Court earlier that year. *Id.* Adams argued that the "*Martinez* [decision] constitutes 'extraordinary circumstances' entitling him to Rule 60(b)(6) relief." *Id.* The Fifth Circuit denied Adams' motion, holding that the "Supreme Court's later decision in *Martinez*, which creates a narrow exception to *Coleman's* holding regarding cause to excuse procedural default, does not constitute an 'extraordinary circumstance' under Supreme Court and our precedent to warrant Rule 60(b)(6) relief." *Id.*

---

26     2016 WL 9236456 (W.D. La. Nov. 7, 2016).

Similarly, in *Diaz v. Stephens*, a capital prisoner in Texas asserted that the holdings in *Martinez* and *Trevino* amounted to "extraordinary circumstances" warranting Rule 60(b) relief. 731 F.3d 370 (5th Cir. 2013). Diaz argued that *Trevino* "dramatically altered the parameters of *Martinez*," rendering the *Adams* decision obsolete. *Id.* at 376. This argument was rejected as lacking merit. The Fifth Circuit held, "*Martinez*, even in light of *Trevino*, does not create extraordinary circumstances warranting relief from final judgment." *Id.* at 379.

Here, Broadway argues that the *Coleman v. Goodwin* decision constitutes "extraordinary circumstances" entitling him to benefit from the *Martinez/Trevino* exception. Under *Adams* and *Diaz*, Broadway's argument is clearly without merit.[27]

This Court agrees with the analysis employed by the Western District Court in *Broadway, supra*. Accordingly, the Court finds that Petitioner's Motion for Rule 60(b) relief is without merit and shall be denied.[28] Therefore,

**IT IS ORDERED** that Petitioner's Motion for Relief of Final Judgment Pursuant to Fed. R. Civ. P. 60(b)[29] is hereby **DENIED**. Judgment shall be entered accordingly.

Baton Rouge, Louisiana the __26__ day of March, 2018.

*Shelly Dick*
SHELLY D. DICK
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

27 *Ibid.* at *3-4. *See also McIntyre v. Warden Wade Correctional Center*, 2016 WL 7077148, *2 (W.D. La. Sept. 22, 2016) ("Petitioner does little more than point to *Martinez* and the Fifth Circuit's *Coleman* decision that held *Martinez* applies in Louisiana. He does not articulate any facts that show his underlying claim is particularly substantial or that would otherwise merit a finding of exceptional circumstances. Petitioner has not met his burden of showing entitlement to relief under Rule 60(b)").

28 The Court need not address the State's alternative contention that Petitioner's Rule 60 Motion was not filed within a "reasonable time" as required by that Rule. Notwithstanding, it appears that Petitioner's Motion, filed more than four years after the Supreme Court's decision in *Trevino* and almost a year after the Fifth Circuit's decision in *Coleman*, comes too late. The Court also need not address the State's alternative contention that the *Martinez/Trevino* analysis does not apply in cases such as this one which involve untimeliness under federal law instead of a state procedural default. *See Adams v. Stephens*, 2014 WL 3778161, *2 (N.D. Tex. July 31, 2014); *Kuykendall v. Stephens*, 2013 WL 3455724, *3 (N. D. Tex. July 9, 2013).

29 Rec. Doc. 34.